RECEIVED
AUG - 4 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

United States District Court
Western District of Louisiana

16-cv-1142

LOUISIANA DIVISION SONS OF CONFEDERATE VETERANS,

           Plaintiff,

– Versus –

CITY OF NATCHITOCHES, LOUISIANA, LEE POSEY Mayor, City of Natchitoches, and JOHN DOES ONE THRU THREE, Members of the Christmas Festival Committee Who are Officially Affiliated With the City of Natchitoches.

           Defendants.

---

LOUISIANA DIVISION SONS OF CONFEDERATE VETERANS,

           Plaintiff,

– Versus –

CITY OF NATCHITOCHES, LOUISIANA, LEE POSEY, Mayor, City of Natchitoches, and JOHN DOES ONE THRU THREE, Members of the Christmas Festival Committee Who are Officially Affiliated with the City of Natchitoches.

CIVIL RIGHTS ACTION
42 U.S.C. § 1983

DECLARATORY RELIEF

**COMPLAINT**

1

## I. INTRODUCTION

1. This is an action pursuant to 42 U.S.C.§§ 1983 and 1988, for a declaratory judgment and damages to redress Defendants' violations of Plaintiff's rights as protected by of the First and Fourteenth Amendments to a verbal policy by the mayor of Natchitoches in a letter dated November 2, 2015, and as applied to Plaintiff. The actions of the Defendants are preventing Plaintiff from exercising his First Amendment Right to freedom of speech, by denying him the right to express his views in a parade (i.e. Christmas Festival Parade) of the City. The Plaintiff reserves the right to sue for injunctive relief.

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C.§§ 1331 and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 139 (b),

4. Declaratory relief is authorized pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202. A declaration of the law is necessary and appropriate to determine the respective rights and duties of the parties to this action

## III. THE PARTIES

5. Plaintiff Louisiana Division of the Sons of Confederate Veterans is a non-profit organization presently residing in Sterlington, Louisiana with its business address in Shreveport, Louisiana, within the jurisdiction of the Western District of Louisiana.

6. Defendant City of Natchitoches, Louisiana, is a political subdivision of the State of Louisiana and a municipal corporation, which was at all relevant times served as one of the sponsors of the Christmas Festival Committee and either directly or indirectly supervised by the Office of the Mayor of the City of Natchitoches under Mayor Lee Posey, named as defendant herein. Defendant City is directly liable for acts complained of herein due to the policies, practices,

procedures and customs of its Office of the Mayor and its employees. Defendant City is further directly liable for acts complained of herein due to its enactment of the policy stated in a letter (dated November 2, 2015) from the Office of the Mayor that violate Plaintiff's rights. Defendant City maintains the right and power to sue and be sued.

7. Defendant Lee Posey is an individual of the age of majority presently residing in Natchitoches, Louisiana, within the jurisdiction of the Western District of Louisiana. At all times pertinent herein, Defendant Posey was the duly elected Mayor of the City of Natchitoches. Defendant Posey is responsible for the supervision of the Office of the Mayor. Additionally, Defendant Posey is responsible for the formulation and execution of the policy stated in the latter (dated November 2, 2015) of the City of Natchitoches, complained of herein, and denied Plaintiff to exercise its First and Fourteenth Amendment rights under the U.S. Constitution. Upon information and belief, he is a final policymaker on the question of whether a person will be allowed to protest or otherwise exercise speech rights. He is sued in his official capacity.

8. Defendant John Does One thru Three who are individuals of the age of majority presently residing in Natchitoches, Louisiana, within the jurisdiction of the Western District of Louisiana. At all times pertinent herein, the Defendants John Doe One thru Three are officially affiliated with the City of Natchitoches and are responsible for the supervision of the Christmas Festival Committee and which is charged with selecting the participants and displays, organizing, and executing the annual Christmas Parade, including the letter complained herein, and who denied the Plaintiff the right to exercise its' First and Fourteenth Amendment rights under the U.S. Constitution. At this moment the identities of John Does One Thru Three and the nature of their affiliation to the City of Natchitoches is unknown. Upon information and belief, they are

the final policymakers on the question of whether a person will be allowed to exercise free speech rights. They are sued in their official capacity only.

## IV. THE CHALLENGED CITY POLICY

9. LETTER (dated November 2, 2015); OFFICE OF THE MAYOR,CITY OF NATCHITOCHES:

   "In the past several months there has been considerable discussion regarding the Confederate Flag and what it represents. For many, the flag represents a symbol of patriotism, faith, and family. However, public comments have shown that many members of the general public find the Confederate Flag to be offensive, and the City believes these comments to be reasonable. The City has determined that a significant portion of the public associate the Confederate Flag with organizations advocating expressions of hate, racism, and intolerance directed toward proper or groups that is demeaning to those people or groups. The City is also concerned that the display of the Confederate Flag in the Natchitoches Christmas Festival Parade could be taken by the public as an endorsement of a symbol that is viewed as racially inflammatory.

   "The City believes that a visible display of the Confederate Flag could be substantial disruption or interference with the parade. Therefore, we respectfully request that your committee not allow the Confederate Flag and all its variations be displayed in the Christmas Festival Parade."

## V. FACTUAL ALLEGATIONS

10. Plaintiff is in good standing and is a 501(C) non-profit corporation residing in Sterlington, Louisiana with a business address in Shreveport, Louisiana.

11. Plaintiff is a premier historical and heritage organizations dedicated solely to the education of the populace regarding the War for Southern Independence and the Confederate Soldier.

12. The only requirement for joining the Plaintiff organization is to be a male, age 12 or older, and to be able to show lineage to someone who served honorably in the Confederate military.

13. Plaintiff's corporate logo incorporates a Confederate Flag and has been accepted by the Patent Office (now known as the United States Patent Office.)

14. Plaintiff sought to march in the annual Christmas Festival Parade in Natchitoches, Louisiana on or about December 5, 2015 (as the Plaintiff had done annually for many years previously.)

15. In 2015, the Plaintiff completed the parade form and initially the Christmas Festival Committee accepted its application with no restrictions on the Plaintiff's displays.

16. On or around November 2, 2015, the Defendant Mayor Lee Posey sent a letter to the Christmas Festival Parade requesting that said committee not allow the Plaintiff or other individuals to display the Confederate Flag or its variation. The Defendant City of Natchitoches policy did not afford the Plaintiff a right of appeal.

17. The Defendant Christmas Festival Parade, which is sponsored in party by the City of Natchitoches, complied with said request.

18. Plaintiff refused to comply and was prohibited from marching in the Christmas Parade unless it agreed not to march with the Confederate Flag.

19. In at least three letters either to the Office of the Mayor or to the city's attorney, undersigned counsel had informed the City of Natchitoches that its prohibition of the Plaintiff's display of the Confederate Flag violated the group's First and Fourteenth Amendment rights under the U.S. Constitution.

20. Plaintiff shows that many of its members carrying Confederate Flags watched the Christmas Parade on or about December 5, 2015.

21. Plaintiff shows that no disruption occurred as a result of the display of the numerous Confederate Flags.

22. Plaintiff shows that it participated in the Christmas parades in Stonewall and Many, Louisiana without any disruptions caused by the Confederate Flag.

23. Plaintiff shows that it participated in the annual re-enactment of the Battle of Pleasant Hill on or about April 1thru 3, 2015 without any disruption caused by the Confederate Flag.

24. Plaintiff shows that at no time in the past has the display of the Confederate Flag caused a disruption in an event in which the Plaintiff has participated in.

25. To date after the final letter from the Plaintiff (dated Defendant Lee Posey has not called Plaintiff, and neither has Plaintiff been informed that the City of Natchitoches intends to settle this matter amicably.

26. Plaintiff has been and remains unable to exercise his First Amendment right to freedom of speech and Fourteenth Amendment right to due process or equal protection due to the actions of the Defendants.

## VI. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
(City of Natchitoches policy stated in said letter (dated November 2, 2015) is facially unconstitutional violations of the First Amendment, as applied to Plaintiff)

27. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

28. The said policy did not permit the Plaintiff to display Confederate Flags in violation of its First Amendment rights.

29. The aforementioned policy are facially unconstitutional for the following reasons:

    1. The policy affords excessive discretion to the mayor and the Christmas Festival Committee in determining what legal displays are allowed;
    2. The policy is not narrowly tailored to achieve a significant government interest, and are unconstitutionally over broad;
    3. The policy do not leave adequate alternative channels for communication;
    4. The policy did not have a rational basis for its prohibition of the Confederate Flag;
    5. Defendant City of Natchitoches did not have a legitimate interest in regulating Plaintiff's expressive activity.

### SECOND CLAIM FOR RELIEF
(City of Natchitoches policy stated in said letter (dated November 2, 2015) is an unconstitutional violation of the Fourteenth Amendment, as applied to Plaintiff:

32. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

33. The aforementioned ordinances are unconstitutional as applied to Plaintiff, for the following reasons:

    1. The policy did not afford the Plaintiff a way in order to appeal the decision of the Office of the Mayor.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, having no adequate remedy at lay, prays for the following:

1. The Plaintiff reserves the right to ask for (if necessary at a later date) a preliminary injunction and permanent injunction be issued restraining and enjoining Defendants and their employees and agents from enforcing or threatening to enforce the policy of the Mayor's Office of the City of Natchitoches;

2. That a declaratory judgment be issued holding that policy stated by the Office of the Mayor of Natchitoches is unconstitutional both facially and as applied;

3. The Plaintiff be awarded nominal damages;

4. That reasonable attorneys' fees, expenses and costs be awarded to Plaintiff pursuant to 42 U.S.C. § 1988 and any other applicable provision of law;

5. That this Court grant all equitable and further relief with the Court deems just and proper.

Respectfully Submitted:

Dick "Dave" Knadler (#27829)
Law Office of Dick "Dave" Knadler, LLC
3223 First Street
Mansfield, LA 71052
(318) 925-1178
*Attorney for Plaintiff*