UNITED STATES DISTRICT COURT       b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOUISIANA DIVISION, SONS OF CONFEDERATE VETERANS | CIVIL ACTION 1:16-CV-01142 |
| VERSUS | JUDGE DRELL |
| CITY OF NATCHITOCHES, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I. Background

Before the Court is a suit filed by the Louisiana Division of the Sons of Confederate Veterans, pursuant to 42 U.S.C. § 1983, for alleged violations of Plaintiff's right to freedom of expression under the First Amendment to the United States Constitution (Docs. 1, 32, 73). The named defendants are the City of Natchitoches, Mayor Lee Posey, Samantha Bonnette (the Main Street and Public Relations Director for the City of Natchitoches and a member of the Natchitoches Historic District Business Association), Chief Mike Dove (Superintendent of Police for the City of Natchitoches), and the Natchitoches Historic District Business Association ("HDBA") (responsible for coordinating various events and festivals in Natchitoches, including the Christmas Festival).

Plaintiff contends its members' right to freedom of expression was violated when the named Defendants prohibited them from carrying the Confederate battle flag in the City of Natchitoches Christmas parade during the Christmas Festival. Plaintiff seeks a declaratory judgment, nominal damages, attorney fees, and costs.

Plaintiff filed a Motion to Amend the complaint to add the HDBA as a defendant (Doc. 54). Next, Defendants City of Natchitoches, Mayor Posey, Chief Dove, and Bonnette filed a Motion for Summary Judgment (Doc. 68). Thereafter, Plaintiff's Motion to Amend was granted, and new deadlines were set for discovery and filing dispositive motions (Doc. 72). Since then, the discovery deadline has been extended again (Doc. 87).

## II. Analysis

Although Defendants' Motion for Summary Judgment (Doc. 68) did not include any argument for the HDBA, Plaintiff's opposition (Doc. 70) asserts the liability of the HDBA. Particularly, Plaintiff's summary of disputed facts (Doc. 70, pp. 6-7) states in part:

> 1. There is a dispute of material fact as to whether the HDBA is a private organization.
>
> 5. There is a dispute of material fact regarding whether Defendant Bonnette participated in the HDBA's decision to deny Plaintiff's parade application.
>
> 6. There is a dispute of material fact regarding whether Defendant Chief Dove participated in the HDBA's decision to deny Plaintiff's parade application.

Moreover, Plaintiff's claims include Bonnette's involvement in both the City of Natchitoches, as her employer, and the HDBA, and Mayor Posey's written instruction to the HDBA to deny Plaintiff's parade application.

Plaintiff's claims against the HDBA are intertwined with its claims against the other Defendants. Since a summary judgment will affect all Defendants, the Motion for Summary Judgment should not be considered until the HDBA has had time to

2

complete discovery and, if it chooses, to file its own dispositive motion. At the least, discovery from the HDBA will probably have some effect on the outcome of the Motion for Summary Judgment. Defendants should afford themselves the opportunity to amend their Motion to include discovery from the HDBA.

Accordingly, Defendants' Motion for Summary Judgment (Doc. 68) should be denied as premature. Defendants may refile their motion after discovery is completed as to all parties.

## III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. 68) be DENIED AS PREMATURE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ.

P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  29th  day of December, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge